IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18–cv–01183–RBJ–KMT

DONALD H. NEWHOUSER,

    Plaintiff,

v.

JPMORGAN CHASE BANK., N.A.,
U.S. BANCORP (U.S BANK, National Association, as trustee by successor to Bank of America, N.A., as successor by merger to LaSalle Bank, N.A., as trustee for MaMu Mortgage pass-through certificates series 2007-HY7),
WELLS FARGO BANK, N.A. (as trustee for WaMu Mortgage pass-through certifcates series 200-PR4), and
JOHN DOES (trusts to be determined),

    Defendants.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

    Plaintiff Donald H. Newhauser, proceeding *pro se*, brings this lawsuit against Defendants JPMorgan Chase Bank, N.A. ["Chase"], U.S. Bancorp. (U.S. Bank, National Association, as trustee by successor to Bank of America, N.A., as successor by merger to LaSalle Bank, N.A., as trustee for MaMu Mortgage pass-through certificates series 2007-HY7) ["U.S. Bank"], Wells Fargo Bank, N.A. (as trustee for WaMu Mortgage pass-through certificates series 200-PR4) ["Wells Fargo"], and John Does, asserting violations of the Truth In Lending Act ["TILA"], the Real Estate Settlement Procedures Act ["RESPA"], and Colorado law. (["Complaint"], Doc. No. 1.) Before the court is Defendants' "Joint Motion to Dismiss, or in the Alternative, Motion for a

More Definite Statement." (["Motion"], Doc. No. 24.)  Plaintiff has not responded to Defendants' Motion, and the time to do so has lapsed.[1]

This case arises from foreclosure proceedings with respect to six properties owned by Plaintiff: (1) 15755 Navy Hill Road, Pine, Colorado 80470 ["the Pine Property"]; (2) 12975 N. Calhan Highway, Calhan, Colorado 80808 ["the 12975 Property"]; (3) 13055 N. Calhan Highway, Calhan, Colorado 80808 ["the 13055 Property"]; (4) 13135 N. Calhan Highway, Calhan, Colorado 80808 ["the 13135 Property"]; (5) 13215 N. Calhan Highway, Calhan, Colorado 80808 ["the 13215 Property"]; and (6) 5100 Running Fox Circle, Elizabeth, Colorado 80107 ["the Elizabeth Property"]. (Compl. ¶¶ 11-12, 15-18, 35, 38; Mot. 4-5.)

On October 3, 2003, Plaintiff reportedly borrowed $170,000 from Washington Mutual Bank, F.A. ["WaMu"] to refinance the Pine Property.  (Compl. ¶ 18; Mot. 3, Ex. B.)  That transaction was memorialized with a promissory note and separately executed deed of trust. (Mot. 3, Ex. B.)  The deed of trust identified Plaintiff as the "borrower," and WaMu as both the "lender" and the "beneficiary under this Security Instrument."  (Mot. Ex. B at 9.)  On November 5, 2005, Plaintiff entered into similar refinancing agreements with WaMu, as to each of the five other subject properties.  (Mot. 3-4, Ex. C, Ex. D, Ex. E, Ex. F, Ex. G.)  In each instance, the parties executed a promissory note, and a corresponding deed of trust.  (*Id.*)

It is alleged that Plaintiff's loans were subsequently bundled into two securitized trusts: WaMu Mortgage Pass-Through Certificate Series 2007-HY7 ["the 2007-HY7 Trust"] and WaMu Mortgage Pass-Through Certificate Series 200-PR4 Trust ["the 200-PR4 Trust"]. (Compl. ¶¶ 6-7, Ex. 1.)  Defendant U.S. Bank is said to be the successor Trustee of the 2007-

---

[1] Defendants advise that they have attempted to confer with Plaintiff as to this Motion, but they have "not received Plaintiff's position on the relief requested."  (Mot. 1-2.)

HY7 Trust, and Defendant Wells Fargo is said to be the Trustee of the 200-PR4 Trust. (Compl. ¶¶ 6-7.) In 2008, Defendant Chase reportedly acquired "the vast majority of WaMu's assets," including the servicing rights to all of Plaintiff's loans, pursuant to an FDIC Purchase and Assumption Agreement. (Doc. No. 1-3 at 2; Mot. 12, Ex. O.)

According to the Complaint, at some point thereafter, Plaintiff "realized he was over extended credit," and "began a series of attempts" to modify his loan repayment obligations for each of the subject properties, but "to no avail." (Compl. ¶¶ 19-20, 26, 47.) On June 1, 2010, Plaintiff reportedly defaulted on all six promissory notes. (["Plaintiff's Affidavit"], Doc. No. 1-2 at 6.) Foreclosure proceedings were thereafter initiated by Defendant Chase with respect to all six properties as follows:

The 12975 Property foreclosure sale took place on September 7, 2011, in El Paso County, and the property was reportedly purchased by Defendant Wells Fargo. (Mot. 4, Ex. I.; Pl.'s Aff. 1.) A confirmation deed was said to be issued to Defendant Wells Fargo that same day. (Mot. 4, Ex. I.)

Defendant Chase thereafter initiated foreclosure actions in El Paso County against the 13215 Property, the 13055 Property, and the 13135 Property, in 2015, 2017, and 2018, respectively. (Mot. 4-5, Ex. J, Ex. K, Ex. L.) The 13215 Property foreclosure proceeding was later withdrawn, and as of the filing of the instant Motion, the two other proceedings remained pending. (Mot. 4-5, Ex. J, Ex. K, Ex. L.)

On February 8, 2017, Defendant Chase commenced a foreclosure action with respect to the Pine Property in Jefferson County. (Mot. 4, Ex. H.) On August 8, 2017, the Jefferson County District Court granted Defendant Chase's motion for an order, pursuant to Colorado Rule

3

of Civil Procedure 120 ["Rule 120"], authorizing the Jefferson County Public Trustee to sell the Pine Property. (*Id.*)

At around that same time, Defendant Chase filed a Rule 120 action in Elbert County District Court with respect to the Elizabeth Property, as well as a corresponding eviction proceeding. (Mot. 5, Ex. M.) An Order Authorizing Sale of the Elizabeth Property was ultimately entered, on April 3, 2017. (Mot. Ex. M at 1.)

In the interim, on November 15, 2017, Plaintiff filed for Chapter 11 bankruptcy protection. (Mot. 2 n.3; Chapter 11 Voluntary Petition, *In re Donald H. Newhouser*, No.17-bk-20478-EEB (Bankr. Colo. Nov. 15, 2017), ECF No. 1,) That case was voluntarily dismissed by Plaintiff one month later. (Mot. 2 n.3; Order Granting Motion to Dismiss, *In re Newhouser*, No. 17-bk-20478-EEB (Bankr. Colo. Dec. 18, 2017), ECF No. 23.) On May 14, 2018, Plaintiff filed a Chapter 13 bankruptcy petition. (Mot. 2 n.4, Ex. A; Chapter 13 Voluntary Petition, *In re Donald Howard Newhouser*, No. 18-bk-14127-TBM (Bankr. Colo. May 14, 2018), ECF No. 1.) Although the bankruptcy petition did not list any potential claims against Defendants among Plaintiff's assets, one day later, Plaintiff commenced this lawsuit. (Mot. 7-8.) Even after initiating this action, Plaintiff did not disclose his claims against Defendants in the bankruptcy schedules of his assets. (Mot. 7-8; Schedule D, *In re Newhouser*, No. 18-bk-14127-TBM (Bankr. Colo. May 29, 2018), ECF No. 10.) The Chapter 13 case was ultimately dismissed, on August 27, 2018, prior to any plan confirmation. (Order Dismissing Chapter 13 Case Prior to Confirmation of a Plan, *In re Newhouser*, No. 18-bk-14127-TBM (Bankr. Colo. Aug. 27, 2018), ECF No. 37.)

In this lawsuit, Plaintiff asserts the following claims: (1) reasonable reliance, detrimental reliance, willful blindness, and fraud upon the court against all Defendants; (2) fraud in the concealment against all Defendants; (3) fraud in the inducement against all Defendants; (4) unconscionable contract against Defendant Chase; (5) breach of contract against all Defendants; (6) breach of fiduciary duty against all Defendants; (7) quiet title against all Defendants; (8) slander of title against unspecified Defendants; (9) declaratory relief against all Defendants; (9) violations of TILA, encompassed within the Consumer Credit Protection Act ["CCPA"], 15 U.S.C. § 1601 *et seq.* against all Defendants; and (10) violations of RESPA ["Regulation X"], 12 C.F.R. § 1024.41 against Defendant Chase.  (Compl. ¶¶ 51-154.)

Defendants now move to dismiss the Complaint, in its entirety, arguing that Plaintiff's claims are barred by the doctrine of judicial estoppel, because he failed to disclose them in his Chapter 13 bankruptcy proceeding.  (Mot. 7-8.)  In addition, Defendants contend that certain of Plaintiff's claims are barred for lack of subject matter jurisdiction by the *Rooker-Feldman* doctrine.  (*Id.* at 8-10.)  Defendants also argue that the *Younger* and *Colorado River* abstention doctrines require this court to refrain from adjudicating Plaintiff's claims, and that collateral estoppel bars this lawsuit.  (*Id.* at 10-11, 14-15.)  In the alternative, Defendants seek dismissal of each of Plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6), or a more definite statement of the claims under Federal Rule of Civil Procedure 12(e).  (*Id.* at 15-24.)

Defendant Chase, for its part, seeks dismissal of the claims asserted against it, on the basis that Plaintiff has sued the wrong entity.  (*Id.* at 11-13.)  In addition, Defendant Chase argues that certain of Plaintiff's claims are barred for failure to exhaust administrative remedies

under the Financial Institutions Reform, Recovery, and Enforcement Act ["FIRREA"].  (*Id.* at 13-14.)

## STANDARDS OF REVIEW

### A.  Pro Se *Plaintiff*

Plaintiff is proceeding *pro se*.  The court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (holding the allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers").  However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based."  *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).  A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged.  *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983); *see Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (stating that a court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues").  The plaintiff's *pro se* status does not entitle him to an application of different rules.  *Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

### B. Lack of Subject Matter Jurisdiction

Federal Rule of Civil Procedure Rule 12(b)(1) empowers a court to dismiss a complaint for a lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case. Rather, it calls for a determination that the court lacks authority to adjudicate the matter, attacking the existence of jurisdiction rather than the allegations of the complaint. *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). A court lacking jurisdiction "must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *Id.* at 909. The dismissal is without prejudice. *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006).

A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere conclusionary allegations of jurisdiction." *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971). When considering a Rule 12(b)(1) motion, however, the Court may consider matters outside the pleadings without transforming the motion into one for summary judgment. *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995). If a party challenges the facts upon which subject matter jurisdiction depends, a court may not presume the truthfulness of the complaint's "factual allegations . . . [and it] has wide discretion to allow affidavits, other documents, and [may even hold] a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)." *Id*.

7

### C. Failure to State a Claim upon Which Relief Can Be Granted

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (quotation marks omitted).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The *Iqbal* evaluation requires two prongs of analysis. First, the court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusion, bare assertions, or merely conclusory. *Id*. at 679–81. Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id*. at 681. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id*. at 679.

Notwithstanding, the court need not accept conclusory allegations without supporting factual averments. *S. Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998).

8

"[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S at 678.  Moreover, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citation omitted).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (citation omitted).

In evaluating a Rule 12(b)(6) motion to dismiss, the court typically may not look beyond the pleadings.  *Casanova v. Ulibarri*, 595 F.3d 1120, 1125 (10th Cir. 2010).  "Pleadings," for purposes of a Rule 12(b)(6) motion, however, include attachments to the complaint, documents incorporated into the complaint by reference, and information subject to judicial notice. *Tellabs, Inc*, 551 U.S. at 322; *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010); *Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006).  Documents attached to a motion to dismiss are considered part of the pleadings, if they are referred to in the complaint, and are central to the plaintiff's claims.  *GFF Corp. v. Assoc. Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

Here, Defendants have attached various exhibits to their Motion, including filings from Plaintiff's Chapter 13 bankruptcy and state court foreclosure proceedings, as well as promissory notes and deeds of trust for the six subject properties.  (*See* Mot. Ex. A-O.)  The court filings are subject to judicial notice and, therefore, will be considered in connection with the motion to dismiss.  *See Mid-S. Iron Workers Welfare Plan v. Harmon*, 645 F. App'x 661, 665 (10th Cir.

9

2016). The financial transaction documents will also be considered, as the documents are directly referenced in the Complaint, and form the basis of Plaintiff's claims against Defendants. (*See, e.g.,* Compl. ¶¶ 9, 11-12, 36, 38, 53, 85, 97, 107, 118.)

## ANALYSIS

In their Motion, Defendants argue, first, that Plaintiff is judicially estopped from bringing any of his claims, because he failed to disclose them as assets in his Chapter 13 bankruptcy proceeding. (Mot. 7-8.) Defendants seek dismissal of the Complaint, in its entirety, on that basis.[2]

Judicial estoppel is an equitable remedy used "to protect the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment." *Asarco, LLC v. Noranda Mining, Inc.*, 844 F.3d 1201, 1207 (10th Cir. 2017) (quoting *New Hampshire v. Maine*, 532 U.S. 742, 749-50 (2001)). "Where a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him." *New Hampshire*, 532 U.S. at 749 (quoting *Davis v. Wakelee*, 156 U.S. 680, 689 (1895)). Three non-exclusive factors are relevant to the judicial estoppel inquiry: (1) whether a party's later position

---

[2] Defendants do not specify under which Rule they seek dismissal based on judicial estoppel. The Tenth Circuit has made clear, however, that judicial estoppel, which is an affirmative defense, does not implicate the court's subject matter jurisdiction. *Smith v. United Parcel Serv.*, 578 F. App'x 755, 758-59 (10th Cir. 2014). Further, in similar factual contexts, other courts have considered arguments regarding judicial estoppel on a Rule 12(b)(6) motion. *See Choice Genetics USA, LLC v. Peetz Co-Operative Co.*, No. 16-cv-0154-WJM-KLM, 2017 WL 3086608, at *1 (D. Colo. Feb. 28, 2017). Accordingly, the court will proceed with its analysis under the Rule 12(b)(6) standard.

is "clearly inconsistent" with an earlier position; (2) "whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second court was misled;" and (3) "whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." *New Hampshire*, 532 U.S. at 750-51; *accord Asarco*, 844 F.3d at 1208.

Here, all three judicial estoppel factors are met. As to the first factor, Plaintiff seeks to rely on a position in this lawsuit, that he has legal claims against Defendants, that is inconsistent with the position that he took when he filed his Chapter 13 bankruptcy schedules, that he lacked any such claims. *See Autos, Inc. v. Gowin*, 244 F. App'x 885, 890 (10th Cir. 2007) ("[A] debtor's assertion of legal claims not disclosed in earlier bankruptcy proceedings constitutes an assumption of inconsistent positions.").

As to the second factor, by failing to disclose his claims against Defendants as assets on his schedules, or to subsequently amend those filings, Plaintiff actively deceived his creditors and misled the bankruptcy court about the scope of the estate. *See Smith v. United Parcel Serv.*, 578 F. App'x 755, 760 (10th Cir. 2014) (finding the second judicial estoppel factor to be met, where the debtor "knew of his pending district court suits, yet [] never made an effort to explain why he failed to disclose them to the bankruptcy court"); *Autos*, 244 Fed. App'x at 891 ("The integrity of bankruptcy proceedings is compromised if the bankruptcy court cannot rely on the information disclosed by a debtor, or if substantial known assets come to light after the court has confirmed a plan of distribution."); *see also Pfeifer v. Fed. Express Corp.*, No. 09-CV-1248-EFM, 2014 WL 1246737, at *7 (D. Kan. Mar. 26, 2014) ("[J]udicial estoppel applies even in a

11

Chapter 13 context either *before or after* a bankruptcy plan has been confirmed.") (emphasis in original).

As to the third factor, Plaintiff's tactics here, if permitted, would both bestow an unfair benefit and impose an unfair detriment. Indeed, upon filing his Chapter 13 petition, Plaintiff was able to delay the resolution of several foreclosure proceedings, to his benefit. *See Eastman v. Union Pac. R.R. Co.*, 493 F.3d 1151, 1159 (10th Cir. 2007) ("A debtor, once he files for bankruptcy, disrupts the flow of commerce and promptly benefits from an automatic stay."). Further, there is no question that Plaintiff's omitted disclosures not only prevented the bankruptcy judge from making fully informed decisions about Plaintiff's proposed reorganization plan, but also prejudiced his creditors, who relied on the schedules, to determine the appropriate course of action. *See Autos*, 244 F. App'x at 891 (finding that a Chapter 13 debtor's "obfuscation" prejudiced a defendant, because "[h]ad it received prompt notice of [the debtor]'s claims by virtue of their inclusion in her bankruptcy petition, [the defendant] could have proposed any number of compromise solutions to bypass this multi-year morass in federal courts"); *Pfeifer*, 2014 WL 1246737, at *7 ("The impact of a debtor's nondisclosure must be measured in more than monetary terms because it affects creditors' willingness to negotiate their claims and enhances the debtor's bargaining position by making the pot that creditors look to for recovery appear smaller than it really is."). It is also worth noting, that had Plaintiff ultimately succeeded in both confirming his proposed Chapter 13 plan and prevailing in this lawsuit, he would have potentially shielded any hypothetical recovery against Defendants from his bankruptcy creditors. *See Autos*, 244 F. App'x at 891 n.5 ("Here, the case for judicial estoppel is

fortified by the tripartite prejudice [the Chapter 13 debtor]'s conduct engendered to [the opposing party], her creditors, and the judicial system generally.").

As a final matter, nothing in the record suggests that Plaintiff's omission of his claims from his bankruptcy filings resulted from mistake or inadvertence. *See New Hampshire*, 532 U.S. at 753 ("[I]t may be appropriate to resist application of judicial estoppel when a party's prior position was based on inadvertence or mistake."). It is well-settled that a debtor's failure to satisfy the legal duty of full disclosure to the bankruptcy court will be deemed inadvertent or mistaken, only if the debtor lacks knowledge of the undisclosed claims, or has no motive for their concealment. *Eastman*, 493 F.3d at 1157. Here, in addition to the fact that Plaintiff has given no explanation for his failure to disclose this lawsuit in his bankruptcy schedules, the close temporal proximity between his misrepresentations to the bankruptcy court, and his filing of this lawsuit, negates any conceivable claim of inadvertence. Further, Plaintiff had a motive to conceal his legal claims against Defendants: to keep them out of the reach of his creditors. *See id.* at 1159 ("The ever-present motive to conceal legal claims and reap the financial rewards undoubtedly is why so many of the cases applying judicial estoppel involve debtors-turned-plaintiffs who have failed to disclose such claims in bankruptcy.").

On this record, then, there is no question that Plaintiff's actions were a deliberate attempt to deceive the bankruptcy court, and to manipulate the judicial system to gain an unfair advantage over his creditors and Defendants. Therefore, because Plaintiff's conduct satisfies the three judicial estoppel factors, the application of that equitable doctrine is appropriate. It is, therefore, recommended that Defendants' motion to dismiss be granted, on the grounds of

judicial estoppel, and that Plaintiff be judicially estopped from proceeding in this matter. Accordingly, there is no need to address Defendants' other arguments for dismissal.

**WHEREFORE**, for the foregoing reasons, this court respectfully

**RECOMMENDS** that Defendants' "Joint Motion to Dismiss, or in the Alternative, Motion for a More Definite Statement" (Doc. No. 24) be **GRANTED**.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of this Recommendation, any party may serve and file written objections to the magistrate judge's proposed findings of fact, legal conclusions, and recommendations with the Clerk of the United States District Court for the District of Colorado.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Griego v. Padilla (In re Griego)*, 64 F.3d 580, 583 (10th Cir. 1995).  A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for de novo review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 East 30th Street*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make timely objections may bar de novo review by the district judge of the magistrate judge's proposed findings of fact, legal conclusions, and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings of fact, legal conclusions, and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (holding that the district court's decision to review magistrate judge's recommendation de novo despite lack of an objection does not preclude application of

"firm waiver rule"); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Refining Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (finding that cross-claimant waived right to appeal certain portions of magistrate judge's order by failing to object to those portions); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (finding that plaintiffs waived their right to appeal the magistrate judge's ruling by failing to file objections).  *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (holding that firm waiver rule does not apply when the interests of justice require review).

Dated this 13th day of January, 2020.

BY THE COURT:

_____
Kathleen M Tafoya
United States Magistrate Judge