IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No 18-cv-01183-RBJ-KMT

DONALD H. NEWHOUSER,

    Plaintiff,

v.

JPMORGAN CHASE BANK, N.A.,
U.S. BANCORP (U.S. Bank, National Association) As Trustee by successor to successor Bank of America, N.A. successor La Salle Bank, N.A. trustee MaMu Mortgage Pass-through Certificates Series 2007-HY7,
WELLS FARGO BANK, N.A. (As Trustee for WaMu Mortgage Pass-Through Certifications Series 200-RP4, and
JOHN DOES (Trusts to be determined),

    Defendants.

---

**ORDER DISMISSING CASE**

---

This matter is before the Court on defendants' joint motion to dismiss and the recommendation of United States Magistrate Judge Kathleen M. Tafoya that the motion be granted.

**BACKGROUND**

This case arises from foreclosure proceedings involving six properties owned by Donald H. Newhouser. Mr. Newhouser filed his complaint, pro se, on May 15, 2018. ECF No. 1. He asserted 11 Claims for Relief: (1) "Reasonable reliance, detrimental reliance, willful blindness, and fraud upon the court;" (2) fraud by concealment; (3) fraud in the inducement; (4) unconscionable contract (against JPMorgan Chase Bank, N.A.); (5) breach of contract; (6) breach of fiduciary duty; (7) quiet title; (8) slander of title; (9) declaratory relief; (10 violation of

the Colorado Consumer Protection Act; and (11) violation of federal regulations, regulation X. In addition to declaratory relief Mr. Newhouser sought a refund of wrongfully collected fees and payments, damages between $100,000 and $2,000,000, interest and attorney's fees. ECF No. 1.

The Complaint indicates that Mr. Newhouser's address was 13055 B, North Calhan Highway, Calhan, CO 80808. However, within a week after the Complaint was filed, mailings to him at that address began to be returned as undeliverable. *See* ECF Nos. 5 and 6. On June 26, 2018 Mr. Newhouser advised the Court by letter of a change of address to P.O. Box 265, Calhan, CO 80808. ECF No. 7.

On August 10, 2018 defendants filed a joint motion to dismiss or, in the alternative, for a more definite statement. ECF No. 24. It was served on Mr. Newhouser at the P.O. Box 265, Calhan, CO 80808. I referred the motion to Magistrate Judge Tafoya for a recommendation. ECF No. 25. Mr. Newhouser did not respond to the motion. However, on February 25, 2019 Magistrate Judge Tafoya denied the motion without prejudice. ECF No. 27. She noted that on May 14, 2018, the day before Mr. Newhouser filed the present case, he had filed a Chapter 13 Bankruptcy Petition. She believed that Mr. Newhouser lacked standing to assert his claims, because his claims were property of the bankruptcy estate, and the Chapter 13 trustee was the real party in interest. The order was served on the Chapter 13 trustee. *See* ECF No. 28.

Defendants moved for reconsideration of the denial of their motion to dismiss, noting, among other things, that the bankruptcy case was dismissed on August 27, 2018, and the trustee was discharged on October 17, 2018, due to Mr. Newhouser's failure to file an Amended Chapter 13 Plan as ordered by the bankruptcy court. ECF No. 31 at 3. While that motion was pending, a mailing to Mr. Newhouser from the Court, addressed to his last known address of P.O. Box 265, Calhan, CO 80808, was returned as undeliverable. *See* ECF No. 35. Magistrate

Judge Tafoya granted the motion to reconsider her denial of the joint motion to dismiss. ECF No. 36. That order was mailed to Mr. Newhouser at the same last known address, and it was returned as undeliverable, as was another mailing from the Court. ECF Nos. 37 and 39.

On January 13, 2020, Magistrate Judge Tafoya issued her recommendation that the joint motion to dismiss be granted. ECF No. 40. The recommendation advised Mr. Newhouser of his right to object within 14 days after service. *Id.* at 14-15. It was mailed to Mr. Newhouser at his last known address twice. Both mailings were returned as undeliverable. ECF Nos. 41 and 42. Mr. Newhouser, unsurprisingly, did not file any objections.

Mr. Newhouser has not informed the Court of a change of address since he did so on June 26, 2018. He has filed nothing with the Court since July 3, 2018. He did not respond to the joint motion to dismiss, nor did he object to the magistrate judge's recommendation. So far as I can tell, he has abandoned the lawsuit. That appears to be consistent with his failure to file a Chapter 13 plan, resulting in the dismissal of his bankruptcy case.

## STANDARD OF REVIEW

The Court reviews de novo any part of a magistrate judge recommendation on a dispositive motion to which a proper objection has been made. However, "[i]n the absence of timely objection, the district court may review a magistrate's report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings.")).

The Court has reviewed the relevant pleadings concerning the Recommendation. Based on this review, the Court concludes that the magistrate judge's analyses and recommendations

are correct, and that "there is no clear error on the face of the record." Fed. R. Civ. P. 72 advisory committee's note. Therefore, the Court ADOPTS the Recommendation as the findings and conclusions of this Court as to defendant's motion to dismiss.

I have considered the option of dismissing this case without prejudice for failure to prosecute. However, Magistrate Judge Tafoya's analysis of the substance of the claims and defenses has convinced me that dismissal with prejudice is appropriate, and that any possible re-filing of the case if Mr. Newhouser were to develop a new interest in it would be futile. The recommendation thoughtfully explains why the claims are barred by judicial estoppel.

**ORDER**

1. The recommendation of the magistrate judge, ECF No. 40, is ACCEPTED and ADOPTED.

2. Defendants' joint motion to dismiss, ECF No. 24, is GRANTED.

3. This civil action and all claims therein are dismissed with prejudice.

4. As the prevailing parties, defendants are awarded their reasonable costs, to be taxed by the Clerk, pursuant to Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1.

DATED this 7th day of February, 2020.

BY THE COURT:

*[signature: Brooke Jackson]*

R. Brooke Jackson
United States District Judge